# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| United States of America, | ) | Criminal No. 2:16-381-RMG |
|---|---|---|
| v. | ) | **AMENDED ORDER AND OPINION** |
| Joshua Davis. | ) | |

This matter is before the Court on Defendant's motion to compel the Government to disclose the identity of a confidential informant. For the reasons set forth below, the Court denies the motion.[1]

## I. Background

In December 2015, a confidential informant told Berkeley County Sherriff's Office Sergeant Rollins that Defendant Joshua Davis was involved in drug trafficking. (Dkt. Nos. 43 at 1, 46 at 5.) The Berkeley County Sheriff's Office placed Defendant's home under surveillance, and, on December 28, 2015, effected a traffic stop of Defendant shortly after he left his home in a red Ford Fusion. Defendant was stopped for traffic offenses including, *inter alia*, illegal window tint. During the stop, a police canine conducted a free air sniff around Defendant's car and allegedly alerted to the presence of narcotics. Defendant's vehicle and person were subsequently searched and a substantial quantity of narcotics was recovered from Defendant's person. Law enforcement obtained a search warrant for Defendant's home based on the narcotics found on Defendant's person. When the search warrant was executed, more narcotics and a firearm were found in Defendant's home. Defendant has moved to suppress items recovered because of the traffic stop and the resulting search warrant, alleging law enforcement did not have probable cause

---

[1] This Amended Order amends the Court's order of April 24, 2017 (Dkt. No. 97) to address issues raised in Defendant's reply brief (Dkt. No. 96).

to stop him or to search his person after he was stopped. A suppression hearing is scheduled for May 25, 2017.

On April 13, 2017, Defendant moved to compel the Government to identify the confidential informant. The Government opposes the motion, and has represented that the informant is not a law enforcement officer. (Dkt. Nos. 92, 94.)

## II. Legal Standard

There is "a qualified privilege to withhold the identity of persons who furnish information regarding criminal activity to law enforcement officials. Such a privilege is designed to protect and foster the interests of law enforcement by encouraging citizens to aid criminal justice without fear of public disclosure." *United States v. Smith*, 780 F.2d 1102, 1107 (4th Cir. 1985). But "[t]he privilege must also give way when the informant or the contents of his communication 'is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'" *Id.* (quoting *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)). "The trial court is required to balance the public interest in nondisclosure against the defendant's right to prepare a defense. A decision on disclosure of such information must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. *Id.* (internal quotation marks omitted).

When making a motion to disclose the identity of a confidential informant, the burden is on the defendant to show that he is entitled to that information. *Rugendorf v. United States*, 376 U.S. 528, 534–35 (1964); *United States v. D'Anjou*, 16 F.3d 604, 609–10 (4th Cir. 1994). A defendant must give specific reasons why such disclosure is necessary, and the defendant must provide "something more than speculation as to the usefulness of such disclosure." *Smith*, 780 F.2d at 1108. "Disclosure is only required after a court has determined that the informer's testimony is highly relevant." *Id.* Further, "the government's privilege does not give way simply

because the defendant knows the informant's name or identity." *Id.* "When the informant's identity is known to the defendant but his location is not, the same balancing of the public interest in nondisclosure against the defendant's need for disclosure must occur" and the "[d]efendant must still show that disclosure will significantly aid his defense." *Id.*

## III. Discussion

Defendant moves to compel the identity of the confidential informant because "[t]his person's identity is crucial in the probable cause analysis on Defendant's traffic stop" and because "[u]pon information and belief, the [informant] may be a member of law enforcement and involved in a prior case involving the defendant." (Dkt. No. 88.) The Government has represented to the Court that the informant is a private citizen who is not a member of law enforcement. (Dkt. No. 94.) The Court accepts the Government's representation, which leaves Defendant only with the conclusory assertion that the identity of the informant is somehow "crucial" to the probable cause analysis.

The Court does not see that the informant's identity has any relevance to the issue of whether there was probable cause to effect a traffic stop of Defendant or to search him during that stop. The constitutional reasonableness of a traffic stop does not depend on the actual or subjective motivations of law enforcement officers. *Whren v. United States*, 517 U.S. 806, 813 (1996). The Fourth Amendment "allows certain actions to be taken in certain circumstances, whatever the subjective intent." *Id.* at 814. When officers observe a traffic violation, they may effect a stop. *See id.* at 819. When a canine alerts to the presence of narcotics in a vehicle, police may search the vehicle. *See Illinois v. Caballes*, 543 U.S. 405, 408 (2005). The officers' personal feelings about the person stopped are not relevant to the probable cause inquiry. Nor are the motives of the confidential informant or the informant's credibility relevant to the probable cause inquiry. Defendant argues that his "arrest was pretextual" (Dkt. No. 96 at 1), but the Supreme Court has

held that "a traffic-violation arrest (of the sort here) would not be rendered invalid by the fact that it was 'a mere pretext for a narcotics search.'" *Whren*, 517 at 813 (quoting *United States v. Robinson*, 414 U.S. 218, 221 n.1)).

Defendant has responded to the Government's representation that the informant is a private citizen by speculating that the private citizen may have acted at the direction of law enforcement. (Dkt. No. 95.) Defendant also accuses Franco Fuda, chief of the Bonneau Police Department, of seeking retribution against Defendant because Defendant assaulted Chief Fuda years ago. (*Id.*) Speculation that the informant might be tangentially involved in some sort of alleged police misconduct is insufficient to overcome the Government's qualified privilege to withhold the informant's identity. *See Smith*, 780 F.2d at 1108. Moreover, whatever relevance Chief Fuda's actions may have to the pending motion to suppress appears unrelated to the identity of the informant. Whether Chief Fuda told the Berkeley County Sheriff's Office that Defendant was involved in drug trafficking, or whether Chief Fuda told a citizen to tell the Berkeley County Sheriff's Office that Defendant was involved in drug trafficking, or whether Chief Fuda told no one anything about Defendant makes no difference to the probable cause analysis of the December 28, 2015 traffic stop. *See Whren*, 517 U.S. at 813.

Defendant further argues that the Government must disclose the confidential informant's identity because he informant may have been an "'actual participant' in the arrest of Defendant." (Dkt. No. 96 at 2–3.) "[D]isclosure of the informant's identity is required where the informant is an actual participant, particularly where he helps set up the criminal occurrence." *McLawhorn v. North Carolina*, 484 F.2d 1, 5 (4th Cir. 1973). An active participant, however, is one who is "witness to material and relevant events" regarding an offense. *Id.* "[W]here the informant merely provides a lead or tip that furnishes probable cause for a search and seizure . . . knowledge of the

identity of a tipster would not be essential in preparing the defense of the accused and the public interest in protecting such informants should weigh heavily in favor of nondisclosure." *Id.* Here, Defendant does not even allege the informant provided a lead or tip providing probable cause. Rather, Defendant claims the informant provided a tip that lead officers to observe Defendant until he committed a traffic violation. Defendant denies that he actually committed a traffic violation and so he denies that probable cause existed for the traffic stop, but he does not allege that the confidential informant participated in applying an allegedly illegal window tint to his car windows.

Defendant's reply brief also raises issues regarding missing evidence. Defendant alleges that in-car video recordings of the December 28, 2015 traffic stop were "negligently allowed . . . to be destroyed" and that interview materials regarding another person are inadequate (Dkt. No. 96 at 5–8.) Defendant also argues that the audio portion of the video that has been produced has been destroyed. (*Id.* at 6.) If Defendant believes the Government has not complied with its discovery obligations, or that spoliation of evidence has occurred, Defendant may file an appropriate motion. Defendant may also present argument and evidence on those issues at the suppression hearing. But the Court simply does not see how the identity of the private-citizen confidential informant could be relevant to those issues.

IV. **Conclusion**

For the foregoing reasons, the Court **DENIES** Defendant's motion to compel (Dkt. No. 88).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 27, 2017
Charleston, South Carolina

-5-