IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| vs. | ) | Criminal No. 2:16-381-RMG |
| | ) | |
| Joshua Frederick Davis, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

This matter comes before the Court on Defendant's motion (Dkt. No. 210), asserted pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, to vacate the Court's previous order denying a request for declaratory relief relating to the use of a police dog by law enforcement officers to support a probable cause search of his automobile. (Dkt. No. 208).

Defendant's recent motion represents another collateral attack on this Court's denial of his motion to suppress relating to the use of a police dog during pretrial criminal proceedings. (Dkt. No. 149). Defendant subsequently pled guilty under a conditional plea and thereafter unsuccessfully challenged on appeal this Court's denial of his motion to suppress. *United States v. Davis*, 760 Fed. Appx. 220, 223 (4th Cir. 2019). Defendant then filed an action seeking declaratory relief on the police dog issue. The Court dismissed the request for declaratory relief as an improper device to review judgments of the federal courts. The Court stated that "Defendant's effort to utilize the Declaratory Judgment Act in this matter is plainly a collateral attack on the prior rulings of this Court and the Fourth Circuit Court of Appeals and is not proper." (Dkt. No. 208 at 1-2).

Defendant's present motion to vacate claims that the Court misconstrued the relief requested and that he "simply requested this court to enter a declaration on the proper

1

interpretation of *Florida v. Davis* . . . and how it should properly be applied in determining what constitutes a valid alert by a drug dog for probable cause purposes." (Dkt. No. 210 at 2). This Rule 60(b)(1) motion is a poorly disguised effort to again collaterally attack the prior rulings of this Court and the Court of Appeals and is not a proper substitute for post-conviction remedies.

Rule 60(b)(1) allows relief from a judgment or order of a district court where there has been "mistake, inadvertence, surprise or excusable neglect." Since Defendant's motion fails to meet this standard, the motion to vacate is **DENIED**. Defendant also requests the Court to stay its decision in this matter while he seeks to litigate "a newly filed motion for declaratory judgment asking this court to enter a declaration" regarding whether "the Declaratory Judgment Act [can] be used to interpret a Supreme Court decision, when that decision has some uninterpreted ambiguity in it." (*Id.*). The Court **DENIES** the motion to stay.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

March 11, 2020
Charleston, South Carolina

2