UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joshua Frederick Davis | ) | Criminal No.: 2:16-0381-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

After the Court issued its final order denying Petitioner relief under 28 U.S.C. § 2255, he submitted a letter to the Clerk continuing to argue issues addressed and ruled upon in the petition and requesting appointment of counsel and the issuance of subpoenas. (Dkt. Nos. 271, 278). The Court was not aware of Petitioner's letter to the Clerk and, consequently, did not address it. Petitioner subsequently filed an appeal of the denial of his habeas petition to the Fourth Circuit. In a *per curiam* order dated November 22, 2021, the Fourth Circuit directed that Petitioner's letter be designated a Rule 59(e) motion to reconsider and made a limited remand for the Court to address the issues raised. *United States v. Davis*, App. No. 21-7112 (4th Cir. 2021).

A Rule 59(e) motion to reconsider must meet one of the following standards to alter or amend an earlier judgment of the Court: (1) to accommodate an intervening change in the law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or to prevent a manifest injustice. *Pac. Ins. Co. v. Am,. Nat'l Fire Ins. Co*., 148 F. 3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion provides "an extraordinary remedy that should be used sparingly." *Id*.

Petitioner's newest filing continues to argue that but for the "bad legal advice" he received from his attorney, he would have accepted a plea offer to a single count of possession with the

intent to distribute methamphetamine, crack cocaine, and cocaine. (Dkt. No. 278 at 2). To establish relief under § 2255 for ineffective assistance of counsel, Petitioner carries the burden of showing (1) that his trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that but for counsel's ineffective assistance, the results would have been different. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). To meet the prejudice prong of *Strickland* when claiming ineffective assistance regarding the rejection of a plea offer, Petitioner must show that but for counsel's performance, he would have accepted the offer. *Missouri v. Frye,* 556 U.S. 134, 150 (2012).

Petitioner contends that he did not accept the Government's offer to plead to a single count due to an alleged erroneous statement of his trial counsel, Ms. Susan Williams, that the Government was required to produce the drugs and gun at the suppression hearing. Petitioner's argument fails because the record plainly establishes that the issue of whether or not the guns and drugs seized when Petitioner was arrested had to be produced at a suppression hearing had nothing to do with his decision to reject the one count plea offer from the Government. As the Court explained in its order denying the § 2255 petition, the Government on May 15, 2017 offered to allow Petitioner to plead to the single drug count without any agreement regarding the sentence, leaving the issue of the sentence to the Court's discretion. The statutory sentencing range was 5-40 years. The Government set a deadline to accept the offer of May 19, 2017. (Dkt. No. 271 at 6-7).

Ms. Williams responded to the offer on May 15, 2017 indicating that the sentencing range under the statute was too broad and inquired whether the Government would be willing to accept a fixed plea under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Dkt. No. 270-4 at 53-54). The Assistant United States Attorney responded that "[g]iven Davis' prior record and

the facts for which he was indicted (2 arrests with a lot of drugs within 2 months), I don't think it would be appropriate to recommend a sentence below the guidelines for him . . ." (*Id.* at 54).

Ms. Williams met with Petitioner on May 17, 2017 and recommended that he take the offer. Petitioner responded that he needed a definite number for the sentence and would not enter a plea with a range of 5-40 years. Ms. Williams then sent an email that same day to the prosecutor stating, "Davis may considering pleaing [sic] to a definite sentence of 5 years. He won't plea unless we have an absolute certain number decided." (Dkt. No. 270-5 at 18). The Government was unwilling to accept a plea to a certain term of years and the Government's plea offer expired.

After conducting a multi-day suppression hearing on Petitioner's first motion to suppress, the Court entered an order on June 19, 2017 denying the motion. (Dkt. No. 149). On June 29, 2017, Defendant appeared before the Court, acknowledged his guilt to multiple drug and gun charges, and entered a guilty plea with the right to raise Fourth Amendment issues on appeal. (Dkt. Nos. 155, 180 at 20-22). The plea agreement provided for a possible sentence between 5 and 40 years, as the Government always insisted. (Dkt. No. 151 at 4). Petitioner stated during his plea colloquy that he was satisfied with the performance of Ms. Williams and that she had done everything he had asked her to do. (Dkt. No. 180 at 6).

The Court denied the petition for habeas relief, finding that Petitioner failed to prove any prejudice from the alleged "bad advice" of Ms. Williams because his rejection of the Government's single count plea offer was the result of his refusal to accept an uncapped sentence and the Government's refusal to agree to a capped sentence. (Dkt. No. 271 at 5-8). The issue about whether the Government did or did not need to produce drugs and the gun seized at the suppression hearing had absolutely nothing to do with Petitioner's decision to reject the Government's plea offer.

Consequently, Petitioner's motion to reconsider the Court's decision denying his petition for habeas relief (Dkt. No. 278) is **DENIED**.  Petitioner can point to no intervening change in the law, legal error, new evidence, or manifest injustice to support a Rule 59(e) motion.  Further, there is no merit to the Petitioner's effort to issue subpoenas or have counsel appointed to pursue the issue of what Ms. Williams told Petitioner about the Government's obligation to produce the drugs and gun at his suppression hearing, since that issue had nothing to do with Petitioner's decision to reject the Government's plea offer.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 23, 2021
Charleston, South Carolina